UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OSMAN SANKOH,<br><br>        Petitioner,<br><br>        v.<br><br>T STEVENS, District Director, Bureau of Immigration and Customs Enforcement "Bice,"<br><br>        Respondent. | Civil Action No. 17-12140-DJC |

## ORDER OF DISMISSAL

**CASPER, J.**                                                                                                                   June 8, 2018

### I. Introduction

On November 1, 2017, Osman Sankoh, an immigration detainee who was then confined at the Strafford County Department of Correction in Dover, New Hampshire, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241"), D. 1, in which he asks for immediate release. He names "T Stevens," a "District Director" of Immigration and Customs Enforcement ("ICE"), as the respondent. For the reasons set forth below, the Court orders that this action be DISMISSED.

### II. Background

According to Sankoh, he completed a federal sentence of incarceration on August 9, 2017 and was taken into federal immigration detention the same day. Sankoh states that he was ordered removed on September 7, 2017, "even though his [criminal] case is still open and his sentence will be vacated by the United States Supreme Court making him eligible for immediate release." Pet. at 1. Under the heading "Request for Relief," Sankoh writes that he seeks protection from any

1

type of government custody without due process of law. He also states, "The Government in this case will assert that there is a significant likelihood that the applicant will be deported in the reasonably foreseeable future. For detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably forseeable future.[']" Id. at 2.

The petition was not served pending the Court's review of the pleading. See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent). At some point after the filing of the petition, a Deputy Clerk learned that Sankoh had been transferred to the Plymouth County Correctional Facility in Plymouth, Massachusetts. The Deputy Clerk was later informed by ICE that Sankoh was removed from the United States on or about February 26, 2018.

### III. Discussion

Because Sankoh did not file this action in the judicial district in which he was confined, the Court lacks jurisdiction over this matter. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). The "general rule" is that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443. Moreover, "an alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained." Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000). Because habeas jurisdiction attaches on the initial filing, see, e.g., Santillanes v. United States Parole Comm'n, 754 F.2d 887, 888 (10th Cir. 1985) (stating that "[i]t is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."), a § 2241

petition must be filed in the district where the petition is confined at the time of filing, see Griffen v. Ebbert, 751 F.3d 288, 290-91 (5th Cir. 2014) (holding that district court's jurisdiction over habeas petition filed by prisoner confined within the district attached at the time of filing, notwithstanding the subsequent transfer of the prisoner to another district; ordering that habeas action be transferred back to the district in which it was originally filed).

When Sankoh filed his petition, he was located in the District of New Hampshire, not the District of Massachusetts. Thus, this Court lacked jurisdiction over the action when it was filed, and Sankoh's subsequent transfer to a facility within the District of Massachusetts did not retroactively cure the jurisdictional defect.

Transfer to cure want of jurisdiction, 28 U.S.C. § 1631, is not in the interest of justice. To the extent the Clerk received accurate information regarding Sankoh's removal, any request for release is now moot. Further, even if Sankoh has not been removed, his petition fails. When Sankoh filed his petition, only two months had passed since he had been ordered removed. His detention was authorized under 8 U.S.C. § 1231(a)(2), whether or not his removal was reasonably foreseeable. Thus, any claim that was entitled to release because his removal was not reasonably foreseeable at that time fails as a matter of law. Further, the District of New Hampshire is without jurisdiction to entertain a challenge to his removability.

### III. Conclusion

For the foregoing reasons, the Court orders that this action be DISMISSED.

**SO ORDERED.**

                                       /s/ Denise J. Casper
                                       United States District Judge